UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-00184-TBR-LLK

**DENNIS EARL SILLS**                                                                    **PLAINTIFF**

v.

**KATHY LITTERAL, Warden**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Dennis Sills's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [R. 1]. The Magistrate Judge filed Findings of Fact and Conclusions of Law and Recommendation. [R. 17]. Sills filed objections thereto. [R. 18]. Having conducted a de novo review of the Magistrate Judge's report, the Court **ADOPTS** the Findings of Fact and Conclusions of Law and Recommendation as set forth in the report submitted by the Magistrate Judge. [R. 17]. For the reasons stated herein, Sills's objections are **DENIED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

## BACKGROUND

Petitioner Dennis Sills was found guilty of murdering Lisa Roach ("Roach") and sentenced to thirty-five years' imprisonment by a Christian County, Kentucky Jury. [R. 17 at 1]. The Kentucky Supreme Court affirmed Petitioner's conviction on direct appeal. *Sills v. Commonwealth*, No. 2016-SC-000292-MR, 2017 WL 3631962 (Ky. Aug. 24, 2017). On direct appeal, Petitioner only presented one claim: "The trial court erred in allowing improper hearsay

evidence of prior bad acts." [R. 13-1 at 41 (Petitioner's brief to Kentucky Supreme Court on direct appeal)]. Petitioner has not filed any post-conviction collateral attack proceeding in state court. [R. 17 at 1]. The only claim that Petitioner has presented to the state courts is the trial error claim presented to the Kentucky Supreme Court on direct appeal. *Id.* After the Kentucky Supreme Court affirmed Petitioner's conviction, he filed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is before this Court. In his habeas petition, Petitioner presents nine claims.[1] The claims are as follows:

1. Petitioner's counsel was ineffective for failing to call witnesses to rebut evidence of domestic violence and death threats;
2. The trial court erred by failing to call Petitioner's family to testify;
3. The trial court erred by preventing Petitioner's counsel from asking a witness about a phone call in which Petitioner allegedly expressed fear of Roach;
4. A testifying officer improperly commented on Petitioner's silence;
5. The trial court erred when it did not instruct the jury on extreme emotional disturbance or voluntary intoxication;
6. Petitioner's appellate counsel was ineffective for failing to present certain claims on appeal;
7. Three jurors may not have been impartial;
8. The trial prosecutor engaged in misconduct by using Petitioner's history of domestic violence and threats against Roach;

---

[1] Petitioner presents his claims as six arguments, with arguments one and six being supported by three separate grounds. However, the "separate grounds" presented to support arguments one and six may be treated as their own independent claims. Therefore, the Court will consider all nine of Petitioner's claims.

9. The trial prosecutor engaged in misconduct when the testifying officer commented on Petitioner's silence.

## DISCUSSION

### A. UNEXHAUSTED CLAIMS STILL AVAILABLE TO PETITIONER.

"[A] federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider." *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Two of Petitioner's nine claims are for ineffective assistance of counsel. Claims for ineffective assistance of counsel may be brought under Kentucky Rules of Criminal Procedure ("RCr") Rule 11.42. *See Stanfill v. Commonwealth*, 515 S.W.3d 193, 197 (Ky. App. 2016); *Commonwealth v. Pollini*, 437 S.W.3d 144, 148 (Ky. 2014). Under RCr 11.41(10), Petitioner has at least three years after his judgment becomes final to file his ineffective assistance of counsel claims in state court. Because there remains a potential state remedy for Kentucky state courts to consider, this Court cannot grant habeas relief. Therefore, Petitioner's ineffective assistance of counsel claims are **DISMISSED**.

### B. PROCEDURALLY DEFAULTED CLAIMS.

"If a prisoner failed to exhaust his or her state court remedies and state law would no longer permit the petitioner to raise the claim when he or she files a petition for habeas relief in federal court, the claim is procedurally defaulted." *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012). There are essentially two ways a claim may become procedurally defaulted. "First, a claim is procedurally barred when it has been presented to the highest available state court and dismissed, not on the merits, but for failure to comply with a state procedural rule." [R. 17 at 3] (citing *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013)). "Second, a claim is procedurally defaulted when it

has never been presented to the state court and the chance to do so is now foreclosed by a state procedural rule." *Id.*

The second type of procedural default is at issue in this case. On direct appeal, Petitioner did not raise any of the claims that are before this Court. [R. 1 (Petitioner's petition for writ of habeas corpus); R. 31-1 at 31 (Petitioner's brief on direct appeal to Kentucky Supreme Court)]. "[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Carter*, 693 F.3d at 563 (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)). In this case, Petitioner had the opportunity but failed to raise all the claims on direct appeal that are now before this Court. Kentucky courts require claims that could have been brought on direct appeal to be brought on direct appeal or else they are held to be procedurally barred. *St. Clair v. Commonwealth*, 451 S.W.3d 597, 613 (Ky. 2014); *Johnson v. Commonwealth*, 450 S.W.3d 707, 712 (Ky. 2014). Kentucky courts strictly enforce this rule. *Id.*

Unlike Petitioner's ineffectiveness of counsel claims, his trial error claims should have been brought on direct appeal and are inappropriate grounds for a RCr 11.42 action. *Adams v. Simpson*, No.07-392-JBC, 2009 WL 899447, at *26 (E.D. Ky. March 31, 2009). The Court of Appeals of Kentucky has stated that trial errors occurring before the trial court should be raised on direct appeal rather than by recourse to RCr 11.42:

> It is clear from our case law that the RCr 11.42 procedure is not designed to give a convicted defendant an additional appeal or a review of trial errors that should have been addressed upon the direct appeal. A trial error asserted in an RCr 11.42 motion must rise to the level of a constitutional deprivation of due process.

*Commonwealth v. Basnight*, 770 S.W.2d 231, 237 (Ky.App. 1989). It does not appear that any of Petitioner's trial error claims rise to the level of a constitutional deprivation of due process. But

even assuming that Petitioner's claims do rise to the level of a constitutional deprivation of due process and Petitioner can therefore seek recourse through RCr 11.42, this Court still cannot hear the claim because Petitioner has not exhausted his state remedies.

Further, Petitioner's prosecutorial misconduct claims are procedurally defaulted. The facts underlying Petitioner's prosecutorial misconduct claims appear on the face of the record and therefore should have been brought on direct appeal. *See Smith v. Commonwealth*, No. 2004-CA-000467-MR, 2005 WL 434453, at *1 (Ky. App. Feb. 25, 2005) ("[B]ecause issues that could have been brought on direct appeal are not cognizable in an RCr 11.42 motion, we decline to address Smith's allegations of . . . prosecutorial misconduct"). Again, even if some of Petitioner's prosecutorial misconduct claims rise to the level of a constitutional deprivation of due process and therefore Petitioner can seek recourse through RCr 11.42, this Court cannot hear the claims at this time because Petitioner has not exhausted his state remedies.

Petitioner argues that this Court should overlook his procedural default because his claims fall under the "cause and prejudice" exception. The Supreme Court enunciated the rule for "cause and prejudice" as follows:

> A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show "cause" to excuse his failure to comply with the state procedural rule and "actual prejudice from the alleged constitutional violation." To establish "cause"—the element of the doctrine relevant in this case—the prisoner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." A factor is external to the defense if it "cannot fairly be attributed to" the prisoner.

*Davila v. Davis*, 137 S. Ct. 2058, 2064-65 (2017) (citations omitted).

In this case, however, Petitioner has failed to show an objective factor external to the defense that impeded him from raising these arguments on direct appeal. Instead, Petitioner relies on conclusory statements in support of his argument. [R. 1-1 at 6]. "Habeas petitioners cannot rely

on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006); *See also Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at a developed argumentation, are deemed waived." (internal quotation marks omitted)). Petitioner has not presented any affirmative evidence or argument to the precise cause of his alleged prejudice. Because Petitioner's conclusory statements fail to show an objective factor external to the defense that impeded counsel's efforts to comply with Kentucky's procedural rules, the Court cannot consider the procedurally defaulted claims. Petitioner also argues that his ineffective counsel is the cause for his procedural default. But because Petitioner's state court remedies for ineffective assistance of counsel have not yet been exhausted, this Court cannot overlook the procedural default to consider his claims.

Finally, Petitioner argues that his claims are not defaulted "due to all these issues arising out of the same arguments raised in the direct appeal." But on direct appeal, Petitioner only raised one argument: "[T]hat the trial court erred by admitting improper evidence of his prior bad acts." [R. 13-1 at 92 (Kentucky Supreme Court Memorandum Opinion of the Court)]. Petitioner cites *Vasquez v. Hillery*, 474 U.S. 254 (1989) for the proposition that a claim is not procedurally defaulted simply because the district court reviewing the petition considers new facts that were not considered by the state court. [R. 1-1 at 7]. In *Vasquez*, the district court was faced with the issue of whether it must quash an "indictment on the ground that it had been issued by a grand jury from which blacks had been systematically excluded." 474 U.S. at 256. In making its decision, the district court requested and considered new statistics and other information regarding the "likelihood that chance or accident alone could account for the exclusion of a group from grand

jury service." *Id.* (internal citation omitted). The Supreme Court held that "the supplemental evidence presented . . . did not fundamentally alter the legal claim already considered by the state courts, and, therefore, did not require that respondent be remitted to state court for consideration of that evidence." *Id.* at 260. In other words, *Vasquez* concerns the addition of supplemental facts to prove or disprove claims that have already been brought before the state courts and explicitly does not apply to the addition of new claims that the state courts had no opportunity to consider.

In the matter before this Court, Petitioner does not present new facts in support of the claim he brought on direct appeal to the Kentucky Supreme Court. Instead, Petitioner is using the facts that were before the Kentucky Supreme Court to prove an entirely new claim: prosecutorial misconduct. Petitioner argues that "[e]ven before trial even started, Commonwealth's Attorney, Lynn Pryor had aligned the cross-hairs on [Sills] and the only way she knew how to get Dennis Sills convicted of murder was to get the jury to have a false impression of how Dennis really is." *Id.* Petitioner further alleges that "[t]he prosecutor knew that her 404(b) evidence was irrelevant, inadmissible, and was subterfuged in an attempt to circumvent the hearsay rule under the disguise of using the hearsay as 'background' information to incriminate Dennis Sills." *Id.* at 33. Petitioner's arguments are focused on the behavior and state of mind of the prosecutor rather than the allegations of trial court error that were argued on direct appeal. Although Petitioner relies on the same facts that were before the Kentucky Supreme Court on direct appeal, he has fundamentally altered the legal claim from a claim of trial court error to a claim of prosecutorial misconduct. Because Petitioner did not bring a claim for prosecutorial misconduct in state court on direct appeal, the claim is procedurally defaulted and this Court cannot decide it.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

## CONCLUSION

Petitioner has raised nine claims in his habeas petition. All of his claims are either procedurally defaulted or petitioner has failed to exhaust state remedies that remain available to him. This Court cannot decide a claim if is procedurally defaulted or if Petitioner's state law remedies are unexhausted regarding that claim. For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus [R. 1] is **DISMISSED**, and the Court **ADOPTS** the Findings of Fact and

Conclusions of Law and Recommendation as set forth in the report submitted by the Magistrate Judge. [R. 17]. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 9, 2018

cc: Counsel of Record
cc: PRO SE
     Dennis Earl Sills
     283820
     Eastern Kentucky Correctional Complex
     200 Road to Justice
     West Liberty, KY 41472