UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-00184-TBR-LLK

DENNIS EARL SILLS                                                     PETITIONER

v.

KATHY LITTERAL, Warden                                     RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Dennis Sills's Motion to Reopen the Case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [R. 23]. The Respondent has filed a response. [R. 27]. Fully briefed, Sills's motion is ripe for review, and for the following reasons, it is **DENIED.**

**BACKGROUND**

Dennis Sills was found guilty of murdering Lisa Roach and sentenced to thirty-five years' imprisonment by a Christian County, Kentucky Jury. [R. 17 at 1]. The Kentucky Supreme Court affirmed Sills's conviction on direct appeal. *Sills v. Commonwealth*, No. 2016-SC-000292-MR, 2017 WL 3631962 (Ky. Aug. 24, 2017). On direct appeal, Sills presented one claim: "The trial court erred in allowing improper hearsay evidence of prior bad acts." [R. 13-1 at 41 (Sills's brief to Kentucky Supreme Court on direct appeal)]. Prior to filing his petition, Sills did not file any post-conviction collateral attack proceeding in state court. [R. 17 at 1]. The only claim that Sills has presented to the state courts is the trial error claim presented on direct appeal. *Id.* After the Kentucky Supreme Court affirmed Sills's conviction, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. [R. 1]. On November 9, 2018, this Court dismissed

Sills's petition for habeas corpus because all his claims were either unexhausted, procedurally defaulted, or both. [R. 19].

Sills now moves the Court to reopen, stay, and hold his case in abeyance until he exhausts his state law claims. [R. 23]. Sills did not request a "stay and abeyance" prior to the dismissal of his petition. Instead, Sills waited to raise this argument in his Rule 60(b) motion now before the Court.

**LEGAL STANDARD**

Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 33 (6th Cir. 1990). Under Rule 60(b)(5), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. . . ." Fed. R. Civ. P. 60(b)(5).

Under Rule 60(b)(6), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under Rule 60(b)(6) . . . requires a showing of extraordinary circumstances." *Gonzales v. Crosby*, 545 U.S. 524, 536 (2005) (quotations omitted). "[C]ourts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original)).

**DISCUSSION**

In his motion to reopen his case, Sills presents two arguments. First, Sills argues that his case should not have been dismissed because the Court should have granted him a "stay and abeyance." Second, Sills argues that the Court failed to consider that his procedurally defaulted claims "could be raised in the state court as [ineffective assistance of counsel] claims." [R. 23 at 3]. The Court will address each argument in turn.

**I.     Stay and Abeyance.**

"Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). In this case, Sills did not raise his argument that he is entitled to a "stay and abeyance" in his objection to the magistrate judge's report and recommendation. Sills also declined to raise this argument in his petition for habeas corpus and his reply to the Defendant's response to his petition. In fact, Sills never argued that the Court should stay his petition for habeas corpus before this Court dismissed his petition. Because Sills did not argue that the court should grant him a "stay and abeyance" prior to the dismissal of his petition, he is precluded from raising that argument in this Rule 60(b) motion. *See Wheeler v. United States*, No. 17-3906, 2018 U.S. App. LEXIS 23983, *5-6 (6th Cir. Aug. 23, 2018). Therefore, Sills's motion is **DENIED.**

Even if Sills had argued that he was entitled to a "stay and abeyance" in his petition for habeas corpus or objection to the magistrate judge's report and recommendation, the Court still would have dismissed his case. Instead of dismissing a petition for habeas corpus due to the petitioner's failure to exhaust state-court claims, a district court may grant the petitioner a stay and

3

hold his petition in abeyance if: (1) the petitioner had good cause for his failure to exhaust his state-court claims; (2) his unexhausted claims are not plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). "[S]tay and abeyance should be available only in limited circumstances." *Id.* at 277. "Stay and abeyance, if employed too frequently, has the potential to undermine" the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality" and "undermines AEDPA's goal of streamlining federal habeas proceedings. . . ." *Id.*

In this case, Sills does not have "good cause" for his failure to exhaust his state-court claims. Although the Supreme Court and the Sixth Circuit have provided little guidance on what constitutes good cause, this Court has adopted the more lenient standard articulated by the Nevada district court in *Riner v. Crawford* 415 F. Supp. 2d 1207 (D. Nev. 2006). *See Cross v. White*, No. 5:15-CV-000158-TBR, 2016 U.S. Dist. LEXIS 171816, *4 (W.D. Ky., Dec. 13, 2016). Under the *Riner* standard:

> [T]he good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Riner*, 415 F. Supp. 2d at 1211. Sills is a pro se litigant and therefore his failure to exhaust is not the result of the actions of his counsel. And there is no evidence on the record of a circumstance out of Sills's control causing him to fail to exhaust his claims.

Further, Sills was neither ignorant nor confused about the law or status of his case. Sills's memorandum in support of his habeas corpus petition included a "Procedural Default &

Exhaustion Requirement is Overcome for 'Cause & Prejudice' & 'Miscarriage of Justice'" section. [R. 1-1 at 5]. Sills also admits that he knew exhaustion would be a point of contention in this case when he filed his petition and that for this reason he "stated in his Standard of Review about the existence of constitutional errors of structural defects at his trial. . . ." [R. 16 at 3]. By recognizing that he was bringing unexhausted claims to federal court before the Respondent raised the issue of exhaustion, Sills proves that he knew he was required to exhaust his state claims but had failed to do so. Because Sills was not prevented from raising his claims by his own ignorance, confusion, or by circumstances over which he had little control, Sills does not have good cause for failing to exhaust his state claims. Without good cause for Sills's failure to exhaust, the Court could not have granted a "stay and abeyance" even if Sills had raised that argument before his petition was dismissed.

## II. Ineffective Assistance of Appellate Counsel.

Sills's argument that the Court failed to consider that his procedurally defaulted claims "could be raised in the state court as [ineffective assistance of counsel] claims" also fails. [R. 23 at 3]. Sills argues that "this Court itself recognized that these issues could have been but were not raised on direct appeal." *Id.* But the Court did not fail to consider that his procedurally defaulted claims could be raised as ineffective assistance of counsel claims; the court assumed that the failure to raise the procedurally defaulted claims was the grounds for Sills's ineffective assistance of counsel claim.

In Sills's petition for habeas corpus, he does not identify any specific claim that his appellate counsel failed to raise. Instead, Sills argues that "[i]t was the duty of Appellate Counsel to present all the errors and argue all substantial claims to the State's Supreme Court" and that "any failure to raise substantial claims by a appellate counsel would raise an ineffective assistance

of appellant counsel issue if he didn't preserve all of petitioner's claims to the state court on a direct appeal." [R. 1-1 at 25]. Because Sills did not identify a specific claim that his appellate counsel failed to raise on direct appeal, the Court interpreted his ineffective assistance of appellate counsel claim as asserting that his appellate counsel failed to raise his procedurally defaulted claims on direct appeal. Respondent interpreted the claim in the same way, stating "for ground six of his Petition, Sills claims his appellant counsel was ineffective for failing to raise on direct appeal the issues Sills now puts before this Court." [R. 13 at 10]. Sills did not argue that Respondent had misinterpreted his ineffective assistance of appellate counsel claim in his reply or his objections to the magistrate judge's report and recommendations. [*See* R. 16; R 18]. In other words, the Court considered that Sills's procedurally defaulted claims were the grounds for Sills's ineffective assistance of appellate counsel claim. But because Sills did not exhaust his ineffective assistance of counsel claim in state court, the Court was required to dismiss it.

## CONCLUSION

Sills has failed to show that he is entitled to relief under Rule 60(b)(5) because he has not established that "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. . . ." Fed. R. Civ. P. 60(b)(5). In fact, Sills does not argue that there has been a change of circumstances since the entry of judgment against him. Sills has also failed to show that he is entitled to relief under Rule 60(b)(6) because his case does not present "extraordinary circumstances." *Gonzales*, 545 U.S. at 536. Instead, Sills made the decision not to argue for a "stay and abeyance" until after his petition was dismissed and he is precluded from raising this argument now. Further, Sills does not have good cause for failing to exhaust his state claims before filing

6

his petition for habeas corpus. Therefore, the Court would not have granted a "stay and abeyance" even if he had requested it before his case was dismissed. Finally, the Court did not overlook Sills's ineffective assistance of appellate counsel claim. The Court dismissed the claim because it was unexhausted. For the foregoing reasons, Sills's motion to reopen the case [R. 23] is **DENIED.**

    **IT IS SO ORDERED.**

*Thomas B. Russell*
Thomas B. Russell, Senior Judge
United States District Court

January 16, 2019

cc:    Counsel of Record
cc:    Dennis Earl Sills
       283820
       Eastern Kentucky Correctional Complex
       200 Road to Justice
       West Liberty, KY 41472
       PRO SE